**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **GUSTAVO SENA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-14-CV-464-KC** |
| | § | |
| **LANDSTAR TRANSPORTATION** | § | |
| **LOGISTICS, INC., et al**., | § | |
| | § | |
| **Defendants**. | § | |

## <u>ORDER</u>

On this day, the Court considered Plaintiff Gustavo Sena's Motion to Remand ("Motion"), ECF No. 6, in the above-captioned case (the "Case"). For the following reasons, the Motion is **GRANTED**.

## I.   BACKGROUND

Plaintiff filed his Original Petition in the 448th District Court of El Paso County, Texas, on October 23, 2014. *See* Pl.'s Original Pet. 1 ("Petition"), Landstar Defs.' Notice of Removal Ex. 3, ECF No. 1-3. In his Petition, Plaintiff alleges that while working in the course and scope of his employment for Defendants, Defendants ordered Plaintiff to continue driving through a hazardous winter storm which caused Plaintiff to lose control of Defendants' truck and resulted in substantial injuries to Plaintiff. *Id.* at 3. Plaintiff seeks damages stemming from, among other theories of liability, Defendants' alleged breach of the "non-delegable duty to provide a safe workplace." *Id.* at 3-6.

Nine defendants are specifically named in the Petition. First, Plaintiff named Defendants Landstar Transportation Logistics, Inc., Landstar Acquisition Corp., Landstar Express America, Inc., Landstar Gemini, Inc., Landstar Global Logistics, Inc., Landstar Inway, Inc., Landstar

Ligon, Inc., and Landstar Ranger, Inc. (collectively the "Landstar Defendants").  *See id.* at 2-3.

Plaintiff also brought suit against Defendant Ramiro Lira ("Lira"), individually and d/b/a

Ramiro's Trucking.  *Id.* at 3.  Lira is a "resident of El Paso County, Texas," and the only Texas

citizen among the named defendants.  *Id.* at 2-3.

On December 18, 2014, the Landstar Defendants removed the Case to this Court on the

basis of diversity jurisdiction.  *See* Landstar Defs.' Notice of Removal 3 ("Notice of Removal"),

ECF No. 1.  Plaintiff filed the Motion on January 20, 2015, seeking a remand to the State district

court.  Mot. 1.

The Landstar Defendants filed their response to the Motion on January 27, 2015.  *See*

Landstar Defs.' Resp. to Pl.'s Mot. to Remand ("Response"), ECF No. 8.  Plaintiff filed his reply

on February 6, 2015.  *See* Pl.'s Reply in Support of Pl.'s Mot. to Remand ("Reply"), ECF No. 9.

## II.    DISCUSSION

### A.    Standard

"A defendant can remove to federal court any civil action brought in state court over

which the district court would also have had original jurisdiction."  *Mumfrey v. CVS Pharmacy,*

*Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1441(a)).  "The party seeking to

remove bears the burden of showing that federal jurisdiction exists and that removal was

proper."  *Id.*  "If at any time before final judgment it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see also Scarlott v. Nissan*

*N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).  The removal statutes are to be construed strictly

against removal and in favor of remand.  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.

1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

### B.    Analysis

In the Motion, Plaintiff argues that the Court lacks subject matter jurisdiction because Lira, like Plaintiff, is a citizen of Texas and therefore there is not complete diversity of citizenship between the parties.  Mot. 4.  The Landstar Defendants respond that complete diversity exists because "Plaintiff improperly joined Lira, the lone Texas defendant, in an attempt to defeat removal based on diversity."  Resp. 4.  Specifically, the Landstar Defendants allege that Lira is improperly joined because Plaintiff has no reasonable basis of recovery against Lira.  *Id.* at 4-5.

A federal district court has subject matter jurisdiction over a state claim where the amount in controversy is over $75,000.00 and there is complete diversity of citizenship between the parties.  *Mumfrey*, 719 F.3d at 397 (citing 28 U.S.C. § 1332(a)).  "The diversity statute requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants."  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  "If, however, the removing party can show that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the case may be removed."  *Murray v. Gen. Motors, L.L.C.*, 478 F. App'x 175, 178 (5th Cir. 2012).  "[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).  A plaintiff's inability to establish a cause of action against the non-diverse party, "stated differently[,] means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Here, the Landstar Defendants "removed

this [C]ase under the second test," claiming that Plaintiff has no possibility of recovery against Lira.  Resp. 4.

"In determining whether a non-diverse defendant has been improperly joined, the court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'"  *Bell v. Texaco, Inc.*, 493 F. App'x 587, 591 (5th Cir. 2012) (quoting *Smallwood*, 385 F.3d at 573).  "The district court also may, in its discretion, 'pierce the pleadings' to consider summary judgment-type evidence, including affidavits and deposition testimony."  *Id.* (quoting *Smallwood*, 385 F.3d at 573).  "In deciding whether a party was improperly joined, [a court] resolves all contested factual issues and ambiguities of state law in favor of the plaintiff."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  Furthermore, the Court "'must evaluate all of the factual allegations in the light most favorable to the plaintiff.'"  *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

       **1.**      **The Petition states an actionable claim against Lira under Texas law**

Plaintiff argues that the Petition sufficiently alleges a claim against Lira for negligence as permitted under § 406.033 of the Texas Labor Code.  Mot. 3, 15-16.  The Landstar Defendants respond that Plaintiff has no possibility to recover against Lira for nonsubscriber negligence on three grounds: (1) Plaintiff has failed to show that Lira exercised sufficient control over Plaintiff's work to establish an employment relationship; (2) even assuming that Lira was Plaintiff's employer, Lira would have no duty to warn of obvious conditions such as inclement weather; and (3) Plaintiff's own negligent conduct was the sole proximate cause of Plaintiff's

injuries.  Resp. 6-7.  Before turning to the Landstar Defendants' arguments, the Court first analyzes Plaintiff's allegations in relation to Texas law.

The Texas Workers' Compensation Act ("TWCA") "vests employees of non-subscribing employers with the right to sue their employers for work-related injuries or death."[1] *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 197-98 (5th Cir. 2014) (citing Tex. Labor Code Ann. § 406.033(a)).  "Employees of a nonsubscriber, injured on the job, must prove the elements of a common law negligence claim, absent intentional misconduct." *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 187 (Tex. 2012).  "To establish negligence, a party is required to establish the breach of a duty owed to the injured party, together with damages proximately caused by that breach.'" *West Star Transp., Inc. v. Robison*, No. 07-13-00109-CV, 2015 WL 348594, at *4 (Tex. App. Jan. 23, 2015) (citing *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995)).  "Whether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).  Once a duty has been established, the questions of breach and proximate cause are ordinarily questions of fact for the jury. *See Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App. 2004) ("The resolution of a defendant's possible breach of duty is a question of fact."); *Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 490 (Tex. App. 2003) ("Whether a particular act of negligence is a proximate cause of an injury is ordinarily a question for the jury.").

In Texas, "'[i]t is well established that an employer has certain nondelegable and continuous duties to his employees.'" *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 n.15 (Tex. 2008) (quoting *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975)).  "Among these [is]

---

[1] "Unlike most state workers compensation statutes, [Texas] employers have the option under the TWCA not to carry such insurance." *Campuzano v. R.R. Hall Inc.*, No. Civ.A.3:04-CV-1880-B, 2004 WL 2479920, at *2 (N.D. Tex. 2004) (citing Tex. Labor Code Ann. § 406.002).  Employers who elect to opt out of the TWCA are referred to as "non-subscribers." *Id.*

the duty to . . . furnish a reasonably safe place in which to labor and the duty to furnish reasonably safe instrumentalities with which employees are to work." *Id.*; *see also Kroger*, 197 S.W.3d at 794 (recognizing employer's "duty to use ordinary care in providing a safe work place"); *Town & Country Mobile Homes, Inc. v. Bilyeu*, 694 S.W.2d 651, 655 (Tex. App. 1985) (stating that employer "has a duty *not* to provide an unsafe way" for the performance of a task).

Plaintiff alleges that at the time of the accident, he "was working in the course and scope of his employment as a truck driver for Defendants." Pet. 3. More specifically, Plaintiff alleges that he "was dispatched in the course and scope of his employment with Defendants to bring high value equipment . . . to Fort Worth, Texas." *Id.* At that time, according to Plaintiff, "West Texas was experiencing a severe ice and snowstorm." *Id.* at 3-4. As alleged, "[t]he slect, snow, and icy conditions on the road made driving extremely hazardous and dangerous." *Id.* at 4. Plaintff further asserts that "prior to [the] incident, other truck drivers working for Defendants notified Defendants of the sufficiently adverse and poor road conditions," yet "[d]espite having knowledge of these hazardous weather conditions, Defendants instructed Plaintiff to continue driving in this winter storm." *Id.* Plaintiff claims that this order led to the incident that "caused Plaintiff to lose control of Defendant's truck, causing substantial injuries to the Plaintiff's person." *Id.* at 3.

Though Plaintiff does not specifically state which "Defendants" ordered Plaintiff to continue driving, or which "Defendants" Plaintiff allegedly worked for, the Court "'must evaluate all of the factual allegations in the light most favorable to the plaintiff.'" *See Guillory*, 434 F.3d at 308 (quoting *Miller Brewing*, 663 F.2d at 549). Here, Plaintiff clearly lists Lira as a named defendant in the Case. *See* Pet. 3. Thus, Plaintiff has asserted that he was working for Lira at the time of the accident, that Lira "ordered" Plaintiff to continue driving through the

storm, that this order breached Lira's non-delegable duty to provide a safe work place, and that Lira's breach proximately caused Plaintiff's injuries.  Because Lira has a duty to provide a safe work place and because Plaintiff alleges that Lira violated that duty by ordering him to drive through a dangerous storm, Plaintiff has established a cause of action for nonsubscriber negligence under the Texas Workers' Compensation statute.  *See Austin*, 746 F.3d at 197-98; *Gen. Elec.*, 257 S.W.3d at 215 n.15; *West Star Transp.*, 2015 WL 348594, at *4.

As stated above, however, the Landstar Defendants have put forth three arguments in an attempt to undermine the sufficiency of Plaintiff's allegations.  The Court address each below.

> **a.      Whether Plaintiff has adequately alleged an employment relationship with Lira**

The Landstar Defendants argue that "the conduct described by Plaintiff [in the Petition] does not show that Lira exercised sufficient [] control over Plaintiff's work as a driver" to plead an employer-employee relationship.  Resp. 6.  Plaintiff argues in response that the facts alleged in the Petition sufficiently establish a potential employment relationship with Lira.  Reply 1-4.[2]

"Several factors are relevant in deciding the employment question [in the workers' compensation context], such as the right to hire and discharge the worker, the carrying of the worker on social security and income tax withholding records, the providing of equipment, and the responsibility to pay wages."  *Mayo v. S. Farm Bureau Cas. Ins. Co.*, 688 S.W.2d 241, 243 (Tex. App. 1985).  "The ultimate test, however, is the right of the asserted employer to control

---

[2] The Court notes that both parties have attached supplemental evidentiary materials in support of their respective positions.  *See* Decl. of Ramiro Lira, Notice of Removal Ex. 4, ECF No. 1-4; Aff. of Gustavo Sena, Mot. Attach. 1, ECF No. 6-1.  In considering a motion to remand, the Court "may, in its discretion, 'pierce the pleadings' to consider summary judgment-type evidence, including affidavits and deposition testimony."  *Bell*, 493 F. App'x at 591 (quoting *Smallwood*, 385 F.3d at 573).  However, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery."  *Smallwood*, 385 F.3d at 573.  Because the Court finds that Plaintiff has stated a right to recover in the Petition, and because the Court has identified no "discrete and undisputed" facts in the supplemental evidence precluding that potential recovery, the Court declines to consider the attached affidavit and declaration further.

the specifics of the worker's performance."  *Id.* (citing *Anchor Cas. Co. v. Hartsfield*, 390

S.W.2d 469, 471 (Tex. 1965)); *see also Waldep v. Tex. Emp'rs Ins. Ass'n*, 21 S.W.3d 692, 701-

02 (Tex. App. 2000).

Plaintiff claims that he was "working in the course and scope of his employment as a

truck driver for [Lira]" when "[Lira] ordered Plaintiff to continue driving" through the winter

storm.  Pet. 3-4.[3]  Accordingly, Plaintiff alleges that Lira had at least sufficient right to "control

the specifics of [Plaintiff's] performance" by ordering Plaintiff to continue working through the

hazardous conditions.  *See Mayo*, 688 S.W.2d at 243.  To survive a 12(b)(6)-like analysis, a

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).[4]  Evaluating this factual allegation in the

light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that Lira

had a right to control Plaintiff's work.  *See Guillory*, 434 F.3d at 308.  As a result, Plaintiff has

alleged an employment relationship that is plausible on its face.  *See Mayo*, 688 S.W.2d at 243;

---

[3] The Landstar Defendants argue that because "Plaintiff's own petition alleges that it was the Landstar Defendants who had 'contractual control and exercised actual control over the means, manner, methods, procedures, and details of the work that employees, agents and representatives used [] to carry out assigned duties,'" the Petition cannot assert a sufficient degree of control exercised by Lira to establish an employment relationship.  *See* Resp. 13.  While it is true that the Petition does make specific allegations of control pertaining to the Landstar Defendants, *see* Pet. 4, in deciding a motion to remand, courts "must consider the complaint in its entirety."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).  Reading the Petition in its entirety, the allegations regarding the Landstar Defendants' control over the work are not inconsistent with statements elsewhere in the Petition alleging a potential degree of control on the part of Lira.  *See* Pet. 3-4 (alleging that "Defendants" ordered Plaintiff to continue driving).  Accordingly, the Court rejects the Landstar Defendants' isolated reading of specific facts as unpersuasive.  Moreover, even to the extent that Plaintiff's allegations are inconsistent, in Texas "a plaintiff is permitted to plead claims in the alternative, regardless of consistency."  *See Holland v. Friedman & Feiger*, No. 05-12-01714-CV, 2014 WL 6778394, at *9 (Tex. App. Dec. 2, 2014) (citing Tex. R. Civ. P. 48).  The federal rules of civil procedure are in accord.  *See* Fed. R. Civ. P. 8(d)(2)-(3).  Thus, any inconsistencies that may exist between the degrees of control alleged in the Petition would not undermine the sufficiency of Plaintiff's allegations against Lira.

[4] The Court notes that the pleading standard a plaintiff must meet in the improper joinder context is unresolved in this Circuit.  "As other courts have recognized, there is a tension between the federal pleading-sufficiency standard and the more liberal Texas notice pleading rules."  *Myers v. Allstate Tex. Lloyd's*, No. 1:10-CV-172, 2011 WL 846083, at *8 (E.D. Tex. Mar. 8, 2011); *see also Edwea, Inc. v. Allstate Ins. Co.*, Civ. Action No. H-10-2970, 2010 WL 5099607, at *4-5 (S.D. Tex. Dec. 8, 2010).  This difference, however, does not bear on the outcome of this Case as even applying the stricter *Twombly* standard the claim survives an improper joinder analysis.

*Twombly*, 550 U.S. at 555-56.  The Landstar Defendants have, therefore, failed to show that the Petition does not adequately allege Plaintiff's employer-employee relationship with Lira.

><b>b.</b>   <b>Landstar Defendants' argument that Lira had no duty to warn Plaintiff of obvious hazardous conditions</b>

The Landstar Defendants next argue that "even assuming . . . that Lira was [] Plaintiff's employer, Lira would have no duty to warn of obvious conditions such as bad weather."  Resp. 6-7.  Plaintiff replies that "the relationship [between] Plaintiff and Lira and duties that arose therefrom are plainly unresolved fact issues at this early stage of the proceedings."  Reply 4.

"[A]lthough an employer owes no duty to warn of hazards that are commonly known or already appreciated by the employee," an employer cannot avoid liability "by merely alleging the hazard is known or appreciated when the employer has created a work environment where an employee is required to perform a task in an unsafe manner."  *West Star Transp.*, 2015 WL 348594, at *4; *see also Bilyeu*, 694 S.W.2d at 655 (stating that employer "has a duty *not* to provide an unsafe way" for the performance of a task).

Here, the Petition, read in the light most favorable to Plaintiff, *see Guillory*, 434 F.3d at 308, alleges that on the day of the accident "West Texas was experiencing a severe ice and snowstorm," and that "prior to Plaintiff's incident, other truck drivers working for [Lira] notified [Lira] of the . . .  adverse and poor road conditions."  Pet. 3- 4.  Nonetheless, "[d]espite having knowledge of these hazardous weather conditions, [Lira] instructed Plaintiff to continue driving in [the] winter storm."  *Id.* Therefore, the Court reads the Petition to allege that Lira "required [Plaintiff] to perform [the delivery] in an unsafe manner."  *See West Star Transp.*, 2015 WL 348594, at *4.  As a result, it is reasonable to predict that Lira will not be able to avoid liability for his alleged negligent actions by claiming that Plaintiff knew of or appreciated the hazard. *See id.*  The Landstar Defendants' second argument is, therefore, also unpersuasive.

9

### c.   Whether Plaintiff's actions were the sole proximate cause of the accident

Finally, the Landstar Defendants argue that Plaintiff cannot establish a cause of action against Lira because the police report regarding the accident "shows that the sole negligent conduct causing Plaintiff's injuries was the fact that Plaintiff was traveling at an unsafe speed." Resp. 10.  Plaintiff does not address this argument in his Reply.

"[T]he TWCA deprives a non-subscribing employer of the right to raise certain defenses, including contributory negligence, assumption of the risk, and the fellow-servant rule." *Austin*, 746 F.3d at 198; *see also Kroger Co. v. Keng*, 23 S.W.3d 347, 352 (Tex. 2000); Tex. Labor Code Ann. § 406.033(a)(1)-(3).  However, "[e]ven though a nonsubscribing employer forgoes certain defenses, it is still entitled to the defense that the actions of its employee were the sole proximate cause of the employee's injury." *Duncan v. First Tex. Homes*, No. 02-12-00464-CV, 2015 WL 600854, at *10 (Tex. App. Apr. 16, 2015) (citing *Najera v. Great Atl. & Pac. Tea Co.*, 207 S.W.2d 365, 367 (Tex. 1948)).  The "matter of sole proximate cause is, like other controverted fact issues, ordinarily one to be submitted to the jury." *Najera*, 207 S.W.2d at 371; *see also Forrest*, 120 S.W.3d at 490 ("Whether a particular act of negligence is a proximate cause of an injury is ordinarily a question for the jury.").  However, "[p]roximate cause becomes a question of law when it consists of a violation of the law or the circumstances are such that, in the opinion of the court, reasonable minds could not arrive at different conclusions." *Mo. Pac. R. Co. v. Am. Statesman*, 552 S.W.2d 99, 104 (Tex. 1977); *see also First Assembly of God, Inc. v. Tex. Utis. Elec. Co.*, 52 S.W.3d 482, 493 (Tex. App. 2001).

In support of their argument that Plaintiff's own negligence was the sole proximate cause of the accident, the Landstar Defendants have submitted a Texas Peace Officer's Crash Report, apparently reflecting the conclusions of the officer who first arrived at the scene of the accident.

*See* Tex. Peace Officer's Crash Report ("Crash Report"), Resp. Ex. 1, ECF No. 8-1.  The Crash Report states that in the "[i]nvestigator's [n]arrative [o]pinion of [w]hat [h]appened," Plaintiff's vehicle "was travelling at an unsafe speed for the road conditions (ice) and struck" another vehicle, and further indicates that Plaintiff was cited for "unsafe speed" at the time of the accident.  *Id.* at 3.  The Crash Report, however, does not in any way assert that Plaintiff's negligence was the *sole* proximate cause of the accident.  Nor is any fact stated in the report incompatible with the possibility that Lira's alleged negligence was also a contributing proximate cause to the crash.  Indeed, at best, the Crash Report is some evidence that Plaintiff was contributorily negligent, a defense that would not bar Plaintiff's recovery against Lira.  *See Diaz v. Comark Bldg. Sys., Inc.*, No. 05-98-00888-CV, 2000 WL 770114, at *4 (Tex. App. June 14, 2000) (stating nonsubscriber employers are not entitled to defense of contributory negligence).  The Court finds, therefore, that the Crash Report fails to show Plaintiff's actions were the sole proximate cause of the accident because reasonable minds could differ on whether Lira's order to drive through the winter storm was also a contributing cause to Plaintiff's injuries.  *See Thirsty's Inc. v. Edmonds*, No. 01-96-00820-CV, 1997 WL 212276, at *2 (Tex. App. May 1, 1997) (evidence not sufficient to show sole proximate cause where evidence at most raised a question as to whether injured party assumed the risk).  Accordingly, the "matter of sole proximate cause is . . . one to be submitted to the jury," and the Landstar Defendants' third argument fails.  *See Najera*, 207 S.W.2d at 371; *see also Mo. Pac.*, 552 S.W.2d at 104; *Forrest*, 120 S.W.3d at 490; *First Assembly*, 52 S.W.3d at 493.

    In light of the above, the Court finds that the Landstar Defendants have failed to demonstrate that Plaintiff has no possibility of recovery against Lira under Texas law. Consequently, the Landstar Defendants have failed to meet their burden of showing that Plaintiff

improperly joined Lira in the Case.  *See Gasch*, 491 F.3d at 281.  Plaintiff and Lira are citizens

of the same state, Texas; therefore, the Court lacks subject matter jurisdiction over the Case.  *See*

*Whalen*, 954 F.2d at 1094.

**III.    CONCLUSION**

For the reasons set forth above, Plaintiff's Motion, ECF No. 6, is **GRANTED**.

**IT IS HEREBY ORDERED** that the Case shall be **REMANDED** to the 448th District

Court of El Paso County, Texas.

**SO ORDERED.**

SIGNED this 28th day of May, 2015.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE